33 1201
45 1443

## No. 44.

THE STATE EX REL. THOMAS M. GILMER VS. THE JUDGES OF THE COURT OF APPEALS.

This case not coming within the appellate jurisdiction of the Supreme Court, and the Court of Appeals having neither usurped jurisdiction nor refused to perform any duty imposed upon it by law, this Court will not use in the premises its supervisory power under Article 90 of the Constitution. Previous Decisions affirmed.

APPLICATION for a writ of Mandamus.

*F. G. Thatcher* and *Land & Land* for the Relator.

The opinion of the Court was delivered by

TODD, J.　The relator obtained before the late parish court of the parish of Caddo a judgment against Charles Gamble et al. for more than $200 exclusive of interest.

An appeal was taken from this judgment to the District Court of said parish, which appeal was pending before said court when the present Constitution was adopted.　After the adoption of the Constitution, by order of the court to which the appeal had been made, and in compliance with the provisions of the Constitution, the case was transferred to the Court of Appeals of the First Circuit, over which the Hon. A. B. George and the Hon. John C. Moncure preside.

The Court of Appeals set aside the judgment of the parish court, and remanded the case to to the District Court for the parish of Caddo for trial *de novo*.　The judge of this Court recused himself, and the case was referred to a judge *ad hoc*, an attorney at law, who rendered judgment in favor of the defendants.　The relator, plaintiff in the suit, appealed from this judgment to the Court of Appeals, and the judgment was affirmed, the judges of said court disagreeing, which had the effect of affirming the judgment of the District Court.

The relator alleging that all the proceedings before the Court of

76

Appeals were null and void, beginning with the order remanding the case for trial before the District Court, and that the latter court was without jurisdiction to try the case, and the original judgment of the parish court was in full force and effect, applies to this Court for a mandamus to compel the judges of the Court of Appeals to try the appeal from the parish court as it was originally presented to them regardless of their action and that of the District Court in the case.

The judges of the Court of Appeals answered the application, and alleged substantially that they took jurisdiction in the case, and in the exercise of that jurisdiction remanded the cause for trial to the District Court, which had superseded the parish court, and was the proper court to try the case. They further averred that the application for a mandamus came too late; that it should have been resorted to before the case was remanded to the District Court, or at least before the case was tried by that court. Much more is contained in this answer which it is unnecessary to notice.

The act of the judges of the Court of Appeals in remanding the case to the District Court for trial, was a recognition of the appeal as before them, and a judicial act showing an exercise of their jurisdiction of the case. Had they refused to entertain jurisdiction or take any action in the case, it would have been a proper case for a mandamus. The judges may have committed an error in remanding the case, and, perhaps, should have tried the appeal as it came from the parish court, but any error committed by the Court of Appeals in a matter within its discretion and jurisdiction we cannot review, having no appellate jurisdiction of the proceedings of that court, but can only, under the supervisory powers conferred by the Constitution, compel such courts to take jurisdiction where they have improperly refused to do so, and correct their acts proceeding from an usurpation of authority.

In this case, the court did take jurisdiction, for, without taking jurisdiction, they could not have remanded the case for trial before the District Court. If this jurisdiction was legitimately exercised, it matters not what consequences have flowed from the action or proceeding of the court, it is beyond our power to correct them. The court had the power and the right to remand the case for trial, a right that is often exercised by the Supreme Court, when in its discretion it is thought the ends of justice require it. Within the limit of its jurisdiction, the Court of Appeals has an equal right. In remanding the case to the District Court, there was no usurpation of authority: it was the court that had superseded the parish court, and the court and only court that had jurisdiction to try the case *de novo*. State ex rel. Bonnet vs Samuel Mathews, judge *ad hoc*, 33 An. 103.

It is well to repeat here what this Court said in the case of State

ex rel. City of New Orleans vs. The Judge of the Sixth District Court, as illustrating the authority of this Court in matters of this kind and showing our want of power to correct errors and evils such as are complained of in the present case:

"In the exercise of the power (supervisory power) in the cases above indicated, we wish it distinctly understood that we shall respect the independence of inferior courts in the determination of all questions confided to their judicial discretion, and shall not usurp merely appellate jurisdiction not conferred upon us by the Constitution. It will be useless to apply to us for the exercise of this power over inferior courts not subject to our immediate appellate jurisdiction, in any case, except where there is a clear usurpation of power not conferred by law, or a refusal to perform some duty plainly imposed by law, and which they have no discretion to refuse, and when there is an entire absence of other adequate remedy."

The facts of this case, it is clear, do not bring it within the rule so plainly announced.

The mandamus is, therefore, refused.